IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-74 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| JASON MIZE, | : | |
| Defendant. | : | |

**ORDER ON MOTIONS IN LIMINE (Docs. 19, 24, 25)**

This criminal action is before the Court on the parties' motions *in limine* (Docs. 19, 24, 25) and responsive memoranda (Docs. 21, 26, 27).  Defendant Jason Mize moves the Court to prohibit reference to or introduction of (1) any evidence which might suggest that he ever possessed or used illicit controlled substances, (2) any evidence which might suggest that he used force under color of law without adequate justification in the past, and (3) copies of footage taken from surveillance cameras at the Hamilton County Justice Center.  (Doc. 19.)  Meanwhile, the Government moves the Court to (1) admit evidence of three prior excessive force incidents involving Mr. Mize (Doc. 25), and (2) exclude the testimony of defense witness Kevin R. Davis (Doc. 24).

**FACTS**

Relevant to the present motions, the Government alleges as follows.  Mr. Mize was employed as a Deputy Sheriff in Intake at the Hamilton County Justice Center.  On August 20, 2016, Hamilton County Sheriff's Office deputies arrested a 61-year old man

("M.M.") and brought him in for processing. When a nurse interviewed M.M. to prepare medical paperwork, M.M. refused to sign a release form. Mr. Mize approached M.M., pulled him to his feet, and led him toward a holding cell. Upon reaching the entrance, Mr. Mize pushed M.M. inside, causing him to collide headfirst into a cement wall. M.M. was eventually transported to a local hospital, where he received treatment for, among other things, two lacerations in his head and a fracture of his femur.

Based on this conduct, a grand jury indicted Mr. Mize on one count of violating Title 18 U.S.C. § 242—deprivation of rights under color of law.

## LAW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Courts may properly deny or defer ruling on motions *in limine* when issues such as foundation, relevance, and potential prejudice require the context of the trial for resolution. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004). Moreover, because *in limine* rulings are advisory in nature, a court may alter its ruling during the course of the trial. *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## ANALYSIS

As described above, both parties filed motions *in limine* which, in sum, seek to exclude or admit the following evidence: (1) three prior excessive force incidents involving Mr. Mize, (2) any alleged prior drug use, (3) copies of surveillance video footage of Mr. Mize's altercation with M.M., and (4) testimony of defense expert Kevin

2

R. Davis.  Each is discussed in turn below.

I. **Evidence of Prior Excessive Force Incidents Involving Mr. Mize**

The Government seeks to admit, and Defendant seeks to exclude, three prior excessive force incidents involving Mr. Mize.  The parties agree that such evidence constitutes "prior bad acts" and, as such, admissibility is governed by Fed. R. Evid. 404.  Under Fed. R. Evid. 404(b)(1), evidence of another "crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  *Id.*; *see also* Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").  Such evidence may, however, be admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Here, the Government argues that three prior excessive force incidents are admissible for the limited purpose of proving intent.

In order to admit evidence under Rule 404(b), the Court must: (1) determine whether there is sufficient evidence that the prior acts actually occurred; (2) determine whether the "other acts" evidence is probative of a material issue other than character, e.g., one of the proper purposes outlined in the rule; and (3) apply Rule 403 balancing to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.  *See Eldridge v. City of Warren*, 655 F. App'x 345, 348 (6th Cir. 2016).

3

### A. Other Incidents "Actually Occurred"

To satisfy the first prong of the Rule 404(b) admissibility test, the Government must introduce enough evidence for the jury to "reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 & n. 6 (1988). This standard "is not particularly rigorous." *United States v. Taylor*, 2010 WL 3620235, at *2 (E.D. Ky. Sept. 9, 2010) (Thapar, J.).

The Government has proffered evidence that demonstrates the incidents occurred, and that Mr. Mize was the actor. This evidence includes disciplinary incident reports, a list of witnesses who investigated the incidents, and Mr. Mize's personnel file. (Doc. 25, Exhibits 1-6.) Moreover, "Mr. Mize does not dispute that [the prior excessive force] incidents occurred during the dates and times of the reports that [the] Government is propounding." (Doc. 27.) Accordingly, the Government has satisfied the first prong of the Rule 404(b) admissibility test.

### B. Admissible for a Proper Purpose

"To determine whether the proffered evidence is admissible for a proper purpose, the trial court must decide, 'whether that evidence is probative of a material issue other than character.'" *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004) (*quoting Huddleston v. United States*, 485 U.S. 681, 686 (1988)). "'Material' issues include facts 'that the statutory elements obligate the government to prove.'" *Taylor*, 2010 WL 3620235, at *2 (*citing United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996)).

In an excessive force case under 18 U.S.C. § 242, the Government must prove that the defendant willfully violated the victim's rights. *See* 18 U.S.C. § 242. A defendant

4

can be "held criminally responsible only if he specifically intended to use excessive force." *United States v. Cossette*, 593 F. App'x 28, 30 (2d Cir. 2014). Since the charged offense here has a specific intent *mens rea* requirement, Mr. Mize's intent is material and automatically at issue. *See Taylor*, 2010 WL 3620235, at *2; *see also United States v. Brown*, 250 F.3d 580, 584 (7th Cir. 2001) ("Intent is automatically at issue in specific intent crimes."). And, the Sixth Circuit has held that "where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise." *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). Accordingly, the Government has proffered a proper purpose for admitting the evidence under 404(b)—to prove that Mr. Mize acted with the statutorily required intent of "willfulness."

### C. Probative Value is Not Substantially Outweighed by the Risk of Unfair Prejudice

However, just because "prior acts" evidence may be introduced for a proper purpose does not mean that such evidence is automatically admissible in every case involving a specific intent crime. *See Johnson*, 27 F.3d at 1192. "When prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person . . . and that if he 'did it before he probably did it again.'" *Id.* at 1193. As such, before admitting prior acts evidence, trial courts must carefully apply the Rule 403 balancing test, which provides that otherwise relevant evidence "may be excluded if its probative value is substantially outweighed

5

by the danger of unfair prejudice." Fed. R. Evid. 403; *see also Johnson*, 27 F.3d at 1193.

**(1) Probative Value**

Mr. Mize's three prior instances of excessive force are highly probative of his state of mind at the time of the alleged crime. The Sixth Circuit has stated that "[i]n prosecuting specific intent crimes, prior acts evidence may often be the only method of proving intent." *Johnson*, 27 F.3d at 1192. This is especially true with regards to the "willfulness" standard of 18 U.S.C. § 242. The pattern jury instructions for § 242 are instructive and state that "[o]ne may be said to act willfully if one acts in open defiance or in reckless disregard of a known and definite federal right." *Modern Federal Jury Instructions-Criminal* ¶ 17.01, Instruction 17-6 (2019). Such intent "need not be expressed," but may, instead, "be reasonably inferred from the surrounding circumstances of the act." *Id*. To do so, the jury "may look at the defendant's words, experience, knowledge, acts, and their results in order to decide this issue of willfulness." *Id*.

Federal courts around the United States routinely admit evidence of prior excessive force incidents to prove intent in § 242 cases. *See, e.g., United States v. Brown*, 250 F.3d 580 (7th Cir. 2001); *United States v. Cowden*, 882 F.3d 464, 472 (4th Cir. 2018); *United States v. Rodella*, 804 F.3d 1317, 1334 (10th Cir. 2015); *United States v. Mohr*, 318 F.3d 613, 619 (4th Cir. 2003); *United States v. Boyland*, 979 F.2d 851 (6th Cir. 1992); *U.S. v. White*, 68 Fed. Appx. 707, 710-711 (7th Cir. 2003). For example, in *United States v. Krug*, 2017 WL 907817 (W.D.N.Y. 2017), a Police Officer was charged with three counts of using excessive force, in violation of 18 U.S.C. § 242. The *Krug* court stated that "[i]t is,

6

of course, difficult to prove intent without circumstantial evidence . . . [a]nd it is even more difficult to prove a unique type of specific intent, such as that required by § 242, without circumstantial evidence." *Id.* at *4. Accordingly, the court held that prior excessive force incidents were admissible because they "provided evidence of the defendant's knowledge that use of excessive force implicates federal constitutional rights," and such evidence, "if admitted, would help show willfulness by presenting the jury with evidence of the Defendant's 'experience, . . . acts and their results." *Id.* (*quoting Modern Federal Jury Instructions-Criminal*, Instruction 17-6). Though in *Krug*, the facts of the prior use-of-force incidents were "not identical," the court still found them to be highly probative because "the general similarity between each act means that the Government may properly use evidence of prior acts to show that later acts were done in open defiance or in reckless disregard of a known and definite federal right." *Id.*

*Krug* is directly applicable here. Mr. Mize's three incidents involving excessive force are highly probative of intent. Although not factually identical to the presently charged offense, all three prior incidents occurred within a reasonably near time and involved substantially similar conduct. After each incident, the Hamilton County Sheriff's Office conducted an internal investigation, each of which resulted in the same conclusion: Mr. Mize used an excessive amount of force against an inmate that exceeded appropriate levels. (Doc. 25, Exhibits 1-6.) And after each incident, Mr. Mize was disciplined and told that his use of force violated the Hamilton County Rules, Regulations and Disciplinary Process. (*Id.*)

In sum, these three prior incidents demonstrate more than just Mr. Mize's

general propensity for violence. They are evidence that Mr. Mize knew that using excessive force against an inmate—even an inmate whom he perceived as defiant—implicates the inmate's federal constitutional rights.

### (2) Danger of Unfair Prejudice

The risk of prejudice that will occur if this evidence is admitted, however, is undeniable. *See Johnson*, 27 F.3d 1186 at 1193 ("When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact."). But to overcome the Government's proposed use of this evidence, Mr. Mize must demonstrate that the evidence's probative value is *substantially* outweighed by the danger of *unfair* prejudice. *See United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010) (*citing United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001) (emphasis added)). He fails to do so.

"Evidence is unfairly prejudicial when it 'tends to suggest [a] decision on an improper basis,' but is not unfairly prejudicial when it only damages the defendant's case due to the legitimate probative force of the evidence." *United States v. Houston*, 813 F.3d 282, 291 (6th Cir. 2016) (*quoting United States v. Bond*, 12 F.3d 540, 567 (6th Cir. 1993)). The Sixth Circuit grants district courts "very broad discretion in determining whether the danger of undue prejudice outweighs the probative value of the evidence." *United States v. Fisher*, 648 F.3d 442, 449 (6th Cir. 2011).

Here, the Court finds that the unfair prejudice does not substantially outweigh the probative value of the prior acts evidence. As described above, Mr. Mize's three prior excessive force incidents are highly probative of an essential element of the

charged offense, namely, whether Mr. Mize committed the alleged crime with the specific intent of willfulness.  Although it is possible that the jury could draw an impermissible character propensity inference, the Court can cure this potential prejudice with a limiting instruction.  *See United States v. Davis,* 707 F.2d 880, 884 (6th Cir.1983) ("Though the chance of prejudice is always present in a 404(b) situation, the district judge greatly reduced this problem by giving the jury a limiting instruction informing them to use the [404(b) evidence] only in determining intent....").  The Government has proposed a possible limiting instruction similar to ones found in cases where the Sixth Circuit affirmed.  (*See* Doc. 25 at p. 13.)  As such, the Court finds that the potential for unfair prejudice—when minimized by a proper limiting instruction—does not substantially outweigh the probative value of the evidence.

### D.  Remaining Objections

Defendant raises additional objections regarding this evidence, such as hearsay and that the evidence incorporates inadmissible derivative evidence under *Garrity v. New Jersey*, 385 U.S. 493 (1967).  However, the Government has yet to indicate how it plans on introducing this evidence.  Any such determinations by the Court at this time would be premature.  Mr. Mize may raise these objections later.

## II.  Evidence that Mr. Mize Used Drugs

Mr. Mize also requests that the Court prohibit reference to or introduction of "any and all evidence which might suggest that Mr. Mize has in any way possessed or used illicit controlled substances."  (Doc. 19.)  The Government responded by stating that it "does not anticipate introducing evidence that the defendant used illicit

controlled substances in its case-in-chief," but that it may offer such evidence, as necessary, if Mr. Mize either testifies or introduces evidence of his good character. (Doc. 21.) Since the Court will be better situated to rule on the admissibility of such evidence at trial, the Court will defer ruling on this request at this time.

### III. Evidence Obtained from Surveillance Footage

Mr. Mize also seeks to exclude surveillance footage documenting the use of force incident, arguing that the Government has failed to accurately reproduce the original videos in violation of Federal Rules of Evidence 1001-1004.

Under Fed. R. Evid. 1003, a "duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." *Id*. Rule 1001(e) further provides that a "duplicate" means a "counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." *Id*.

Here, the Government did not initiate its investigation until well after the alleged incident. At some point prior, the original video of the use of force incident was duplicated, archived, and recycled over consistent with Hamilton County's storage and recycling procedures. There are no suggestions that the Government manipulated the archived footage or otherwise acted in bad faith. And there are no questions about the original video's authenticity. Rather, Mr. Mize contends that a factfinder will likely be led to a false conclusion about his actions and the amount of force he may have used because the video's "frame rate and refresh rate cannot be ascertained and a macroblock

10

analysis cannot be completed based on the video embedded in the archive player." (Doc. 19.) In other words, Defendant argues that the archived version of the video may be prejudicial because it is inferior in quality than the original.

This argument is unavailing and merely goes to the weight of the evidence, not admissibility. The Sixth Circuit has held that archived images still qualify as duplicates for purposes of Rule 1001(e), even when the duplicates are in a lower resolution. *United States v. Paulus*, 894 F.3d 267, 279 (6th Cir. 2018). As long as the Government properly authenticates the video at trial, it will be admissible.

## IV. Testimony of Defense Expert Kevin R. Davis

Rule 702 of the Federal Rules of Evidence, which addresses the admissibility of expert witness testimony, states that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702. The most critical criterion for expert testimony is the first one – whether it is helpful to the jury. *See United States v. Freeman*, 730 F.3d 590, 600 (6th Cir. 2013). Testimony about matters within the common knowledge and experience of a lay

11

juror is not helpful, and thus should not be permitted.  *Id.* at 597.

Here, the Government has moved to exclude the testimony of defense witness Kevin R. Davis.  Mr. Davis, a qualified expert on police standards, procedures, and training, is prepared to testify about two primary subjects: (1) best practices and standards of law enforcement and corrections and whether Mr. Mize's actions were reasonable, and (2) the surveillance video footage.

### A. Testimony Regarding Best Practices and Standards of Law Enforcement, and Whether Mr. Mize's Actions were Reasonable

The Government first seeks to exclude Mr. Davis from testifying about the reasonableness of the Mr. Mize's use of force.  The Government argues that such testimony would improperly express legal conclusions as to the ultimate issue, usurping the role of the jury.  This request is granted in part and denied in part.  As Mr. Mize points out, in *United States v. Hanshaw, et al.*, Case No. 1:14-cr-120 (S.D. Ohio Sept. 9, 2015), Judge Black allowed Mr. Davis to proffer similar testimony in another 18 U.S.C. § 242 excessive force case.  Compiling cases from around the Sixth Circuit, Judge Black held that Mr. Davis was permitted to "testify regarding police standards, protocols, policies, procedures and training, and whether Defendant[] acted consistently with police practices and training standards," but was precluded from testifying about whether the actions of the Defendant were "objectively reasonable… [or] that Defendants used reasonable force."  *Id.* at p. 14.

The Court finds that the same parameters are appropriate here.  Accordingly, Mr. Davis is permitted to testify about police standards, protocols, policies, procedures

12

and training, and whether Mr. Mize acted consistently with best police practices and training standards. But Mr. Davis may not (1) testify about his opinion as to whether the force used by Mr. Mize was reasonable, necessary, excessive, etc., (2) testify about his opinion that Mr. Mize did or did not have a mental state or condition that constitutes an element of the charged offense, or (3) otherwise express any legal conclusions during his testimony.

### B. Testimony Regarding Video Surveillance

Second, the Government seeks to exclude Mr. Davis from testifying about the surveillance video because he is not a qualified expert in forensic video analysis. The Government is correct in that Mr. Davis is not an expert in forensic video analysis and cannot testify as such. But, according to the Defendant, Mr. Davis is not testifying as an expert in forensic video analysis. Rather, he is testifying as an expert in law enforcement practices and protocols, an area in which he is qualified as an expert. As such, Mr. Davis is permitted to testify about the surveillance video in the following limited capacity: (1) Mr. Davis may share his opinions about how the challenged video was not accurately reproduced; and (2) Mr. Davis may testify regarding his observations of the circumstances depicted in the challenged video, including whether Mr. Mize's actions in the video are consistent with police practices and training standards. *See id.* at p. 15-16. As discussed above, however, Mr. Davis may not opine regarding whether Mr. Mize's actions were objectively reasonable or whether Mr. Mize conducted himself as a reasonable officer would have in those circumstances.

**CONCLUSION**

For the reasons stated above, the Court finds that:

1. Government's Motion *in Limine* to Admit 404(b) Evidence (Doc. 25) is **GRANTED**;

2. Defendant's Motion *in Limine* (Doc. 19) is **GRANTED IN PART AND DENIED IN PART**; and

3. Government's Motion to Exclude Defense Expert Kevin R. Smith (Doc. 24) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND