IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-74 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| JASON MIZE, | : | |
| Defendant. | : | |

## ORDER ON MOTION IN LIMINE (Doc. 32)

This criminal action is before the Court on Defendant Jason Mize's Motion *in Limine* that seeks to exclude at trial "any and all out-of-court statements made by the alleged victim to law enforcement in this case." (Doc. 32.) The Government has filed a Response in Opposition (Doc. 33), making this matter ripe for review.

### FACTS

Mr. Mize has been indicted for one count of violating Title 18 U.S.C. § 242 – deprivation of rights under color of law. While working as Deputy Sheriff in Intake at the Hamilton County Justice Center, Mr. Mize allegedly pushed a 61-year old man ("M.M.") inside a holding cell, causing him to collide headfirst into a cement wall and suffer severe injuries (the "incident"). M.M. was eventually transported to a local hospital, where he received treatment for, among other things, two lacerations in his head and a fracture of his femur.

On August 31, 2016, detectives with Internal Affairs with the Hamilton County

Sheriff's Office interviewed M.M. while he was in the hospital ("August 31st interview"). About two months later, on October 26, 2016, detectives with Criminal Investigation spoke with M.M. about the incident ("October 26th interview"). Since then, and due to circumstances unrelated to this case, M.M. passed away.

Mr. Mize now seeks to exclude "any and all out-of-court statements" M.M. made to law enforcement, including the August 31st and October 26th interviews. (Doc. 32.)

## LAW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Courts may properly deny or defer ruling on motions *in limine* where issues such as foundation, relevance, and potential prejudice require the context of the trial for resolution. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004). Moreover, because *in limine* rulings are advisory in nature, a court may alter its ruling during the course of the trial. *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## ANALYSIS

Mr. Mize requests that the Court enter an order instructing the Government to refrain from attempting to introduce any and all out-of-court statements made by M.M. to law enforcement in this case. Conversely, if the Court might otherwise rule that such statements are admissible, Mr. Mize would raise his continual and standing objection to such a ruling pursuant to Fed. R. Evid. Rule 103.

In response, the Government represents that, at trial, it may seek admission of

2

statements M.M. made on the day of the incident (August 20, 2016) but will not seek to admit statements M.M. made after, including the August 31st and October 26th interviews. Accordingly, the portion of Mr. Mize's Motion (Doc. 32) directed at statements made *after* the date of the incident is **DENIED AS MOOT**. The Court further **ORDERS** that the Government shall not introduce any such evidence at trial without first seeking leave from the Court to do so.

The only remaining question is whether M.M.'s statements to law enforcement on the day of the incident are admissible. Mr. Mize contends they are not because such statements: (1) are inadmissible hearsay to which no exception applies; and (2) if admitted, would implicate Mr. Mize's rights under the Confrontation Clause of the Sixth Amendment. In response, the Government argues that "[t]o the extent that witnesses will testify to M.M.'s statements on the day of the assault, such statements will not be introduced for the truth of the matter asserted, but other permissible purposes such as the effect on the listener." (Doc. 33.) "Because the statements are not offered for the truth of the matter asserted, they do not implicate the Confrontation Clause." (*Id.*)

While both parties raise valid points, the admissibility of the statements M.M. made to law enforcement on the day of the incident will depend greatly on the context of those statements and how the Government seeks to introduce them. Since the Court believes it will be better situated to rule on the admissibility of such evidence at trial, it will defer ruling on Mr. Mize's request at this time.

3

## CONCLUSION

For the reasons stated above, the Court rules as follows:

1. Mr. Mize's request to exclude any and all out-of-court statements made by M.M. to law enforcement *after* August 20, 2016 is **DENIED AS MOOT**;

2. The Government shall not introduce any out-of-court statements made by M.M. to law enforcement *after* August 20, 2016 without first seeking leave from the Court to do so; and

3. The Court will defer ruling on the admissibility of statements made by M.M. to law enforcement on the date of the incident, August 20, 2016, until trial.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND